# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, COUNCIL ON FISH & WILDLIFE,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE HAMMOND, National Park Service Regional Director for Interior Regions 6, 7, and 8; CAMERON SHOLLY, Superintendent of Yellowstone National Park; and NATIONAL PARK SERVICE,<br>Defendants. | **CV-25-12-BMM**<br><br><br>**ORDER ON MOTION TO STAY CASE PENDING THE SUPPLEMENTAL ENVIRONMENTAL IMPACT STATEMENT PROCESS** |

Defendants Doug Burgum, in his official capacity as Secretary of the U.S. Department of Interior, the U.S. Department of Interior, the Director of the National Park Service, the National Park Service ("NPS"), Cam Sholly, in his official capacity as Superintendent of Yellowstone National Park, in Montana, (collectively "Federal Defendants") move for a stay of the administratively consolidated cases in *Montana v. Burgum*, No. 1:24-cv-00180-BMM ("*Montana*") and *Alliance for the Wild Rockies v. Hammond*, No. 1:25-cv-12-BMM ("*Alliance*"). (*Montana*, Doc. 118;

1

*Alliance*, Doc. 32.) Plaintiff State of Montana ("Montana") does not oppose the stay. (Doc. 118 at 2.) Plaintiffs Alliance for the Wild Rockies and Council on Fish and Wildlife (collectively, "Alliance Plaintiffs") oppose the motion. (Docs. 34.) The Court held a hearing on the motion on June 22, 2026. (*Montana*, Doc. 129; *Alliance*, Doc. 39.) The Court denies the motion.

## BACKGROUND

Montana filed suit against Federal Defendants in 2024, challenging the Interagency Bison Management Plan ("IBMP"). (*Montana*, Doc. 1.) Montana alleges claims under the National Environmental Policy Act ("NEPA"), the National Park Service Organic Act, and the Yellowstone National Park Protection Act. (*Id*.) Montana asks the Court to set aside and vacate the 2024 Bison Plan Record of Decision ("ROD") and Final Environmental Impact Statement ("FEIS"). (*Id*. at 50–51.) Montana further asks the Court to remand the ROD and FEIS to Federal Defendants. (*Id*.) Alliance Plaintiffs later filed a separate suit against Federal Defendants similarly challenging the IBMP. (*Alliance*, Doc. 1.) Alliance similarly asks the Court to remand without vacatur and order Federal Defendants to prepare a revised FEIS. (*Id*. at 57.)

The Court administratively consolidated the cases in 2025. (*Montana*, Doc. 95; *Alliance*, Doc. 24.) Federal Defendants lodged the administrative record in November 2025. (*Montana*, Doc. 105 at 3–4.) The Court issued a case management

plan in February 2026. (*Montana*, Doc. 105; *Alliance* Doc. 29.) The Court amended the case management plan upon Montana's motion in April 2026. (*Montana*, Doc. 117.) The case management plan requires Alliance Plaintiffs and Montana to move for summary judgment by July 1, 2026. (*Alliance*, Doc. 29 at 6.) The case management plan requires Federal Defendants to respond and cross-move for summary judgment by August 31, 2026. (*Id.*)

NPS issued a Notice of Intent to Prepare a Supplemental Environmental Impact Statement ("SEIS") for a Bison Management Plan at Yellowstone National Park, WY, MT, ID ("NOI") on April 29, 2026. 91 Fed. Reg. 23112-01 (2026). The NOI reports that a supplemental review of the IBMP is warranted because "[s]easonal bison migration out of the park has become less predictable in timing and duration" and "[t]his change affects the reliability of management assumptions that informed the 2024 analysis." 91 Fed. Reg. 23113. The NOI further indicates that the "NPS will determine whether additional analysis of any issues raised in [the *Alliance* and *Montana* lawsuits] is appropriate, and if so, will include such analysis in the SEIS." *Id*.

## LEGAL STANDARD

Courts possess broad discretion to grant a stay. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay of civil proceedings is an "extraordinary remedy that should be granted only when justice so requires . . .." *ESG Capital Partners LP v. Stratos*, 22

F. Supp. 3d 1042, 1045 (C.D. Cal. 2014). Courts deciding whether to issue a stay should consider how a stay will affect the interests of the parties. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court must weigh the following factors: (1) the hardship or inequity faced by the parties if required to go forward; (2) whether a stay could simplify or complicate issues, proof, and questions of law; and (3) the possible damage which may result from a stay. *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The moving party bears the burden of justifying a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

Alliance Plaintiffs oppose a stay of proceedings. (*Alliance*, Doc. 34.) Alliance Plaintiffs first argue that Federal Defendants fail to show "good cause" or "compelling circumstances" to alter the case management plan. (*Id*. at 8.) Alliance Plaintiffs next argue that a SEIS would fail to address Alliance Plaintiffs' claims. (*Id*. at 10.) Alliance Plaintiffs further argue that prudential mootness fails as a compelling reason on its own to stay proceedings. (*Id*. at 11.) Lastly, Alliance Plaintiffs assert that the Court may not grant Federal Defendants request for a stay without a definite deadline. (*Id*. at 7.) The Court addresses each argument in turn.

I.    **Whether Federal Defendants Demonstrate "Good Cause" or "Compelling Circumstances"**

Federal Rule of Civil Procedure 16 requires a party to show "good cause" and obtain the Court's consent before a case schedule may be modified. Fed. R. Civ. Pro. 16(b)(4). The case management plan prohibits revisions "absent compelling reasons." (*Alliance*, Doc. 17 at 2.) Federal Defendants have not moved to modify the case management plan. Federal Defendants instead seek to stay the consolidated cases under the *Lockyer* factors. A party's request to modify a case management plan differs from another party's request to stay proceedings. Both requests require different showings for the Court. The Court will not deny Federal Defendants' request for a stay under these grounds.

## II.    Whether a Stay Proves Warranted

Federal Defendants first argue that a stay would be appropriate because Alliance Plaintiffs and Defendant Intervenors will suffer no prejudice. (Doc. 119 at 5.). Federal Defendants next contend that the continued litigation of the merits of the FEIS would cause hardship because NPS plans to proceed with the supplemental NEPA process. (*Id*. at 6.) Federal Defendants finally argue that principles of judicial efficiency and the orderly course of justice strongly weigh in favor of staying the proceedings. (*Id*. at 7.)

A stay remains unwarranted in this matter in balancing the *Lockyer* factors. 398 F.3d at 1110. Federal Defendants have the burden to "make out a clear case of hardship or inequity" as "a fair possibility" exists that a stay would harm Alliance

Plaintiffs. *Id*. at 1112. Federal Defendants may suffer some inequity by having to litigate the merits of the FEIS if the Court moved forward with summary judgment proceedings. *Id*. "But being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Id*.

Alliance Plaintiffs equally would suffer hardship if the Court forestalled the proceedings. *Id*. Alliance Plaintiffs allege that Federal Defendants failed to implement the best available scientific analysis in the existing IBMP. (*Alliance*, Doc. 1 at ¶ 110.) Federal Defendants would continue to operate under the existing IBMP while conducting the SEIS. As a result, Alliance Plaintiffs could suffer hardship from a stay given the ongoing implementation of the IBMP.

A stay would fail to simplify the proof or questions of law at issue in this case. *Lockyear*, 398 F.3d at 1110. NPS has not withdrawn the ROD and makes no commitment to addressing Alliance Plaintiffs' claims during the SEIS process. The NOI instead provides that "NPS will determine whether additional analysis of any issues raised . . . is appropriate." 91 Fed. Reg. 23113. Furthermore, NPS would focus the SEIS on the timing of seasonal migration of bison outside Yellowstone Park. *Id*. NPS's focus remains independent from Alliance Plaintiffs' claims in this matter. *Lockyer* makes clear that if another proceeding "is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court," that factor weighs against granting a stay. 398 F.3d at 1113.

Federal Defendants further fail to satisfy their burden of showing that the last *Lockyer* factor supports a stay. Federal Defendants argue that the Court should grant a stay in this case because the SEIS eventually would moot Alliance Plaintiffs' challenge of the IBMP. (*Alliance*, Doc. 119 at 7.) "The mere possibility [of an agency action], perhaps rendering the present action moot, is too speculative at this juncture to support [a] request for additional delay." *Pizzuto v. Hardison*, 2008 WL 5054573, at *1 (D. Idaho May 20, 2008). For instance, in *Conservation Council for Hawaii v. NFMS*, the court similarly rejected an agency's argument that the agency's potential consultation would "anticipatorily moot" the plaintiff's claims. 97 F. Supp. 3d 1210, 1231 (D. Haw. 2015). The court reasoned that the "court is not required to dismiss or stay a live controversy simply because it may become moot in the future." *Id.* (citing *Hunt v. Imperial Merch. Servs. Inc.*, 560 F.3d 1137, 1142 (9th Cir. 2009)).

The Court adopts the reasoning of the District of Hawaii and denies Federal Defendants' motion for a stay. The SEIS makes no mention of addressing Alliance Plaintiffs' claims. 91 Fed. Reg. 23113. Federal Defendants may address Alliance Plaintiffs' claims in the SEIS, but Federal Defendants likely could determine that addressing their concerns "proves unnecessary." *See All. for the Wild Rockies v. Marten*, 200 F. Supp. 3d 1129, 1131 (D. Mont. 2016) (denying an agency's motion for a stay where the agency "may decide to perform new NEPA analyses . . . [but it] could find [] that new NEPA analyses proves unnecessary."). Accordingly, a "mere

7

possibility" exists as to whether Federal Defendants' completion of the SEIS would moot Alliance Plaintiffs' claims. *Pizzuto*, 2008 WL 5054573, at *1.

Alliance Plaintiffs further argues that a stay with an indefinite timeline invites abuse of discretion. (*Alliance*, Doc. 34 at 7, citing *Dependable Highwayd Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007.) Federal Defendants suggest that the Court use its discretion to craft a time limit to a potential stay in which they may complete the SEIS. Federal Defendants anticipate completing the SEIS within 18 months. Federal Defendants themselves at the motion hearing characterize this completion timeframe as "ambitious." Alliance Plaintiffs may still suffer damage if the Court granted a stay with a time limit as Alliance Plaintiffs would have no recourse if Federal Defendants failed to follow the deadline set by the Court.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Federal Defendants' Motions to Stay (*Montana*, Doc. 118 & *Alliance*, Doc. 32) are **DENIED**. Montana's motion to amend/correct the Case Management Order (*Montana*, Doc. 125) is **DENIED** as **MOOT**.

DATED this 21st day of July, 2026.

Brian Morris, Chief District Judge
United States District Court